FILED

4/30/2020
Clerk, U.S. District & Bankruptcy
Court for the District of Columbia

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

NEAL DAVID SUTZ,                              )
                                             )
                    Plaintiff,               )
    v.                                       )          Civil Action No.  1:20-cv-01096 (UNA)
                                             )
BRIANNA POWERS, *et al*.,                    )
                                             )
                    Defendants.              )

**MEMORANDUM OPINION**

This matter is before the court on its initial review of the plaintiff's *pro se* complaint and application for leave to proceed *in forma pauperis*.  The court will grant the *in forma pauperis* application and dismiss the complaint for the reasons that follow.

Plaintiff, a current resident of Switzerland, has sued five U.S. State Department officials, three of whom are identified and two are of whom named as "John and Jane Doe."  As a preliminary matter, the Local Rules of this court state that a plaintiff "filing *pro se in forma pauperis* must provide in the [complaint's] caption the name and full residence address or official address of each party."  LCvR 5.1(c)(1).

Plaintiff purports to bring his claims pursuant to *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971), and he alleges that the defendants conspired to violate his Fourteenth Amendment rights.  At the heart of the complaint is an ongoing domestic investigation involving plaintiff's family, which has been conducted by Geneva's equivalent of Child Protective Services ("SPMi") and is under review before the Family & Juvenile Court of Geneva ("TPAE").  Plaintiff alleges that U.S. State Department officials orchestrated a plot involving Swiss government and court officials, medical professionals, and others, in order to intentionally deprive him of custody

of his son and stepson.  More specifically, he alleges that the defendants (1) colluded by allowing false documents to be submitted during the domestic evaluation, and (2) improperly shared private information during the course of the investigation. He asserts these actions were committed as "retaliation" for his engagement with the "alternative media." He seeks monetary damages and demands that criminal charges be brought against the defendants.

This action cannot be sustained as a matter of law. First, the United States possesses sovereign immunity from suit against itself or one of its agencies for money damages, except to the extent that it expressly consents to suit. *Dalehite v. United States*, 346 U.S. 15, 30 (1953). Sovereign immunity also bars suit for money damages against officials in their official capacities absent a specific waiver by the government. *Clark v. Library of Congress*, 750 F.2d 89, 103 (D.C. Cir. 1984).  A waiver of sovereign immunity "must be unequivocally expressed in statutory text, and [it cannot] be implied." *Lane v. Pena*, 518 U.S. 187, 192 (1996) (citations omitted).

Here, plaintiff sues defendants "under color of their Federal Jobs and via their Federal Authority as U.S. Department of State Officials," so as an action against government officials acting in their official capacities, it is barred by the doctrine of sovereign immunity. Plaintiff posits that defendants have waived what he refers to as "diplomatic immunity" because he has personally "criminal denounced" them.  But this does not alleviate the legal impediment to this action, since plaintiff has neither pled nor established that the government has expressly consented to damages suits against its officials for constitutional violations thereby waiving *sovereign immunity*. Therefore, subject matter jurisdiction is lacking.  *See* Fed. R. Civ. P. 12(h)(3) (requiring the court to dismiss an action "at any time" it determines that subject matter jurisdiction is wanting).

The complaint does not explicitly set forth claims against the defendants in their individual capacities.  But even if plaintiff had intended to bring individual capacity claims, and even if the

Court construed them to have been brought under the Fifth Amendment and not the Fourteenth Amendment, [1] they would fail for failure to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(b)(2). The complaint describes a vast and attenuated conspiracy, and since plaintiff "offers only 'a laundry list of wrongful acts and conclusory allegations to support [his] theory of a conspiracy,'" the allegations are "'insufficient to allow the case to go forward.'" *Curran v. Holder*, 626 F. Supp. 2d 30, 34 (D.D.C. 2009) (quoting *Richards v. Duke Univ.*, 480 F. Supp. 2d 222, 233 (D.D.C. 2007)).

Further, the complaint does not include facts that would give rise to a plausible inference that the plaintiff has suffered the deprivation of a protected right. As in *Melton v. District of Columbia*, 85 F. Supp. 3d 183, 193 (D.D.C. 2015), "[e]vents may not have unfolded as plaintiff wished, but his dissatisfaction with, for example . . . defendants' recommendations to the Family Court, or [] responses (or lack of timely responses) to plaintiff's inquiries, do not form a basis for a due process violation." Plaintiff also fails to allege a viable equal protection claim. Plaintiff does not identify "the 'rights' of which he was deprived or the other individual or individuals to whom these rights were afforded. Nor does Plaintiff allege how [] other individuals were similarly situated, as he must in order to state a viable equal protection claim." *Id.*

Finally, plaintiff's complaint fails to the extent that it seeks to institute criminal charges. Under *Bivens*, "it is damages or nothing." *Davis v. Passman*, 442 U.S. 228, 245 (1979) (citation and internal quotation marks omitted). Moreover, the decision of whether or not to prosecute, and for what offense, rests with the prosecution. *See Bordenkircher v. Hayes*, 434 U.S. 357, 364 (1978). "[I]n American jurisprudence at least, a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another." *Linda R.S. v. Richard D.*, 410 U.S. 614,

---

[1]     The Fourteenth Amendment does not apply to the federal government. *Bolling v. Sharpe*, 347 U.S. 497, 499 (1954).

619 (1973); *see also Sargeant v. Dixon*, 130 F.3d 1067, 1069 (D.C. Cir. 1997); *Powell v. Katzenbach*, 359 F.2d 234, 234–35 (D.C. Cir. 1965) (per curiam) (holding that the courts lack jurisdiction to control the exercise of the Attorney General's discretion to decide whether or when to institute criminal prosecution), *cert. denied*, 384 U.S. 906 (1966); *Sattler v. Johnson*, 857 F.2d 224, 227 (4th Cir. 1988) (refusing to recognize constitutional right "as a member of the public at large and as a victim to have the defendants criminally prosecuted"); *Sibley v. Obama*, 866 F. Supp. 2d 17, 22 (D.D.C. 2012) (holding same).

Consequently, the complaint and this case will be dismissed without prejudice for want of subject matter jurisdiction and failure to state a claim. A separate order accompanies this memorandum opinion.

\_\_/s/_____
AMY BERMAN JACKSON
United States District Judge

DATE:  April 30, 2020